UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| Megan Smith, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:22-cv-1492 |
| ) | |
| Boone County and ) | |
| Aaron Williams, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT FOR DAMAGES AND JURY DEMAND

Plaintiff Megan Smith, ("Smith"), by counsel, for her action for damages against Defendants Boone County and Aaron Williams, hereby alleges and states the following:

### I.   PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Smith is citizen of Indiana residing in Hendricks County, Indiana.

2. Defendant Boone County is the government entity of Boone County, Indiana.

3. Boone County is governed by an executive body, the Board of Commissioners of Boone County (the "Board").

4. Defendant Aaron Williams ("Williams") is a citizen of Indiana residing in Boone County, Indiana.

5. Williams serves as an elected member of the Boone County Council. Williams is not employed by Defendant Boone County.

6. Smith is an "employee" of Boone County as defined in 42 U.S.C. § 2000e(f).

7. This Court has personal jurisdiction over Plaintiff and Defendant and venue is proper in this Court.

8. This Court has original subject matter jurisdiction over Smith's claims arising under Title VII of the Civil Rights Act of 1964, as amended.

9. This Court has supplemental jurisdiction over Smith's claims arising under Indiana law pursuant to 28 U.S.C. § 1367.

10. Venue is proper pursuant to 28 U.S.C. § 1391, in that Defendants are subject to personal jurisdiction in the Southern District of Indiana, Defendants regularly conduct business activities within the Southern District of Indiana, and the events giving rise to the claims occurred in the Southern District of Indiana.

11. Smith satisfied her requirement to exhaust administrative remedies by filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on January 6, 2022, against Boone County (Charge No. 470-2021-01478).

12. On or about April 28, 2022, the EEOC issued a Notice of Right to Sue related to Smith's Charge of Discrimination against Boone County (Charge No. 470-2021-01478).

## II. RELEVANT FACTS

13. Smith incorporates by reference all other paragraphs of this Complaint as if fully set forth here.

14. Smith was hired as the Director Human Resources for Boone County.

15. Smith met Councilman Aaron Williams ("Williams") in April 2021.

16. During their introduction, Williams remarked that Smith "look[ed] like [her] father, only pretty."

17. On May 11, 2021, Williams entered Smith's office and asked, "what smelled good." Smith responded it was her "Glade plug-in."

18. Williams leaned into Smith and stated "[n]o, it's you. You smell like vanilla."

19. Williams called Smith on her work cell phone approximately twice per week between June and August 2012.

20. In one of the calls, Williams told Smith he wanted to keep their "friendship" a secret.

21. In another phone call, Williams ended the conversation by stating he was "going to get in the shower. I am sure you don't want to hear that."

22. In June 2021, Williams asked for Smith's personal cell number. Smith declined.

23. Williams responded, stating "county stuff' is public record" and "it is only a matter of time before the commissioners check [her] call logs."

24. On July 28, 2021 Smith and Williams met to discuss work related matters.

25. During this work meeting, Williams asked Smith about her recent vacation. Smith responded that she received a bad sunburn on her legs, to which Williams stated "proof or it didn't happen" implying he wanted her to take off her pants and show him her legs.

26. During this meeting, Williams told Smith that he and his wife were separated.

27. When Smith asked if William's wife would still assist in the search for an engineer, Williams replied "[w]hy wouldn't she? It is not like you and I are sleeping together."

28. During this meeting, Williams asked Smith personal questions about her marriage, including whether she had been with her husband for a long time, whether her husband had a porn or gambling problem, whether such problems would be a "deal-breaker," whether Smith's husband had dated other women and the names of those women, and whether Smith's husband was allowed to be friends with women he had dated on social media.

29. Williams then looked up the women Smith's husband had dated and told Smith she was prettier than those women.

30. On August 10, 2021, during a break between meetings taking place in the Boone County Commissioner's meeting room, Williams knelt down very close to Smith (who was seated) and he attempted to see down her shirt.

31. Williams then told Smith to "smile," and asked if she was mad at him.

32. Smith responded that she was just nervous about budget cuts.

33. Williams told her not to worry about the budget, to which Smith responded "you are only one of seven, you cannot guarantee anything."

34. Williams replied, stating he felt like "the husband who was in trouble with his wife."

35. As Smith walked away, Williams told her to "smile."

36. On August 12, 2021, Williams came to Smith's office and asked, in front of another coworker, if Smith had a "secret boyfriend."

37. Smith responded with a confused, "What?"

38. Williams stated he heard she has a second boyfriend and wanted to know if it was true.

39. On September 10th, 2021, during a 9/11 memorial service, Williams stood closely next to Smith and brushed his arm against her arm.

40. Smith retreated from Williams, and he moved in closer, again brushing his arm against hers.

41. On September 22, 2021, Smith made a formal complaint of sexual harassment against Councilman Williams to Boone County.

42. On information and belief, after conducting an investigation, Boone County found Smith's complaint to be credible and instructed Williams not to engage in any retaliatory conduct towards Smith.

43. Williams failed to comply with this instruction.

44. Prior to the sexual harassment complaint, Smith was an integral part of the Compensation Committee.

45. Two days after Williams was notified of the investigation, he stripped Smith of her duties on the committee.

46. When a vendor tried to reach Smith relating to her responsibilities on the compensation committee, Williams responded that the vendor should only communicate with him, causing Smith professional embarrassment and humiliation.

47. Smith asked Council President Elise Nieshalla to communicate with the vendor to rectify the situation, but President Nieshalla never did.

48. On November 22, 2021, the Commissioners of Boone County held an Executive Session and invited the members of the Boone County Council Council to discuss how to protect Smith from Williams.

49. Only one member of the Council attended the session

50. At the session, Smith requested that Williams be removed from the Compensation Committee and to have no supervisory authority over the Human Resources budget to avoid any retaliation.

51. Boone County refused and instead dissolved the committee.

52. The dissolution of the committee increased Williams' control over budget-related matters, including Smith's compensation.

53. The dissolution has caused continued interaction between Smith and Williams.

54. Boone County failed to take immediate and appropriate corrective action to protect Smith from an individual known to be sexually harassing her.

55. On information and belief, Boone County issued stern warnings to Williams and the County Council, stressing that unprofessional conduct by Williams will not be tolerated.

56. Despite any such warnings, Williams has continued to create a hostile work environment for Smith.

57. Williams has continued to treat Smith in a negative and hostile manner during County Council meetings.

58. Williams humiliated Smith in front of a vendor.

59. Williams caused the Compensation Committee to be disbanded. The entire compensation project was taken from Smith, and then given back to her completely, causing her to have to work overtime in order to try to get the project completed by the due date.

60. Smith's integrity has been called into question by members of the Council to other department heads and elected officials regarding her ability to do her job.

61. Smith has been left out of conversations that she would previously have been involved in, such as discussions around changing brokers.

62. Members of the Council and Commissioners have told Smith that she should not stand up and present her own item at the Council meeting and that the Commissioners should be the ones to do it – even though all other department heads present their own requests to the Council.

63. Smith was removed from the Council's agenda when she tried to ask for full-time help due to the number of hours she was having to work in order to try to keep her HR department (a department of one) functioning.

64. Smith was questioned in a hostile manner by Councilman Williams, her sexual harasser, when finally making it on the Council's agenda to ask for part-time help in her office in a public meeting in front of other elected officials, department heads, and members of the public. Councilman Williams has attempted to undermine Smith's request by calling up other elected officials to stand against her, and by attempting to have the pay rate for the new part-time position requested by Smith set at just $12.33 per hour so that she will not be able to hire anyone. When confronted with the extra hours Smith was working in order to finish the project and asked if the Council wanted to compensate her for that time, Williams said no, she's exempt.

65. The sensitive details of the sexual harassment have now been dragged into a public meeting and printed in the newspaper.

66. On information and belief, the County has paid for the sexual harasser's attorney, but has provided no similar relief to Smith – even though her allegations were substantiated.

67. Smith has been physically sick, having anxiety attacks before and after Council meetings with her harasser.

68. Smith has presented to the ER with chest pains and a blood pressure reading of 178/110 – at just 28 years old with no prior history. So far, no underlying conditions have been found and her doctors believe stress is responsible.

IV.    LEGAL ALLEGATIONS

**Count I: Sexual Harassment (against Boone County)**

69. Smith incorporates by reference all other paragraphs of this Complaint as if fully set forth here.

70. From April 2021 until September 2021, Williams sexually harassed Smith through unwanted sexual communication and physical touching.

71. Williams harassed Smith because of her sex.

72. Williams' harassment created an intimidating, hostile, and offensive working environment that unreasonably interfered with Smith's work performance.

73. Boone County knew about the harassment and permitted it to continue.

74. "An employer may also be responsible for the acts of non-employees, with respect to sexual harassment of employees in the workplace, where the employer (or its agents or supervisory employees) knows or should have known of the conduct and fails to take immediate and appropriate corrective action." 29 CFR 1604.11(e).

75. Boone County failed to take immediate and appropriate corrective action upon learning of the harassment.

76. Smith suffered damages from Williams's harassment, and Boone County's failure to take immediate and appropriate corrective action, including but not limited to, fright, humiliation, mental anguish, reputational harm, and pain and suffering.

### Count II: Retaliation (against Boone County)

77. Smith incorporates by reference all other paragraphs of this Complaint as if fully set forth here.

78. On or about September 22, 2021, Smith made a formal complaint of sexual harassment against Williams to Boone County.

79. In response to the complaint, Williams removed Smith's responsibilities on the Compensation Committee.

80. Boone County dissolved the Compensation Committee instead of removing Williams from it.

81. Williams used his authority over the budget and the lack of a Compensation Committee to cause Smith to work significant overtime in order to complete the project by the deadline. Council President Nieshalla refused to push out the deadline for the project and delayed the hearing and approval of part-time help for Smith until after the project was completed.

82. Smith suffered damages from the retaliation, including but not limited to, humiliation, mental anguish, reputational harm, pain and suffering, and decreased earnings.

### Count III: Intentional Infliction of Emotional Distress (against Williams)

83. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully set forth here.

84. Williams engaged in extreme and outrageous conduct, including vile, disrespectful, and insolent comments and unwanted touching.

85. Williams' conduct was intentional and/or reckless.

86. Williams' conduct caused Smith to suffer severe emotional distress, anxiety, stress, fright, and humiliation.

87. Smith has suffered damages as a result of Williams' conduct, including but not limited to emotional distress, pain, suffering and mental anguish.

### RELIEF REQUESTED

WHEREFORE, Megan Smith respectfully requests the following relief from Defendant Boone County:

1. Compensatory damages, including, but not limited to, any and all pecuniary losses as a result of Defendant's actions, including back pay for the denied raise;

2. Damages for emotional distress, mental anguish, and pain and suffering;

3. Pre-judgment and post-judgment interest;

4. Attorney's fees and costs; and

5. Any and all other legal and/or equitable relief to which Plaintiff is entitled.

                Respectfully submitted,

                */s/ Kathleen A. DeLaney*
                Kathleen A. DeLaney (#18604-49)
                Annavieve C. Conklin (#33875-32)
                DELANEY & DELANEY LLC
                3646 N. Washington Blvd.
                Indianapolis, IN 46205
                (317) 920-0400
                Attorneys for Plaintiff

## JURY DEMAND

Plaintiff, by counsel, respectfully requests a trial by jury on all issues so triable.

Respectfully submitted,

*/s/ Kathleen A. DeLaney*
Kathleen A. DeLaney (#18604-49)
Annavieve C. Conklin (#33875-32)
DELANEY & DELANEY LLC
3646 Washington Blvd.
Indianapolis, IN 46205
Phone: (317) 920-0400
kathleen@delaneylaw.net
aconklin@delaneylaw.net

Attorneys for Plaintiff