U UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MEGAN SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| BOONE COUNTY and | ) |
| AARON WILLIAMS, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) Cause No. 1:22-cv-1492 RLY-TAB |
| | ) |
| AARON WILLIAMS, | ) |
| | ) |
| Counter-Plaintiff, | ) |
| | ) |
| v, | ) |
| | ) |
| MEGAN SMITH, | ) |
| | ) |
| Counter-Defendant. | ) |

**ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT**

Comes now the defendant, Aaron Williams, and for his answer to the amended complaint, states as follows:

**I.     PARTIES, JURISDICTION, AND VENUE**

1.     Williams lacks sufficient knowledge to admit or deny the allegations in paragraph 1.

2. The allegations in paragraph 2 pertain to a defendant other than Williams and therefore do not require an answer from him. To the extent that an answer is required, Williams admits the allegations in paragraph 2.

3. The allegations in paragraph 3 pertain to a defendant other than Williams and therefore do not require an answer from him. To the extent that an answer is required, Williams admits the allegations in paragraph 3.

4. Williams admits the allegations in paragraph 4.

5. Williams admits the allegations in paragraph 5.

6. Williams admits the allegations in paragraph 6.

7. Williams admits jurisdiction and that venue.

8. Williams admits subject matter jurisdiction but denies the complaint pleads a Title VII or federal claim against him.

9. Williams admits this court's supplemental jurisdiction over claims arising under state law pursuant to 28 U.S.C. § 1367(a).

10. Williams admits that venue is proper in the Southern District of Indiana, Indianapolis Division.

11. The allegations in paragraph 11 pertain to a defendant other than Williams and therefore do not require an answer from him. To the extent that an answer is required, Williams lacks sufficient knowledge to admit or deny the allegations in paragraph 11.

12. The allegations in paragraph 12 pertain to a defendant other than Williams and therefore do not require an answer from him. To the extent that an answer is required, Williams lacks sufficient knowledge to admit or deny the allegations in paragraph 12.

**II.     RELEVANT FACTS**

13. Williams adopts and realleges his answers to paragraphs 1 through 12 as his answer to paragraph 13 as if fully set forth herein.

14. Williams admits at that all pertinent times, plaintiff served as the human resources director for Boone County but lacks sufficient knowledge to admit or deny any remaining allegations in paragraph 14.

15. Williams admits that he met plaintiff in April or May 2021 but lacks sufficient information to admit or deny when they specifically met.

16. Williams denies the allegations in paragraph 16.

17. Williams denies the allegations in paragraph 17.

18. Williams denies the allegations in paragraph 18.

19. Williams denies the allegations in paragraph 19.

20. Williams denies the allegations in paragraph 20.

21. Williams denies the allegations in paragraph 21.

22. Williams denies the allegations in paragraph 22.

23. Williams denies the allegations in paragraph 23.

24. Williams admits he and plaintiff spoke on July 28, 2021, about county business but denies any remaining allegations and inferences in paragraph 24.

25. Williams denies the allegations in paragraph 25.

26. Williams denies the allegations in paragraph 26.

27. Williams denies the allegations in paragraph 27.

28. Williams denies the allegations in paragraph 28.

29. Williams denies the allegations in paragraph 29.

30. Williams denies the allegations in paragraph 30.

31. Williams denies the allegations in paragraph 31.

32. Williams denies the allegations in paragraph 32.

33. Williams denies the allegations in paragraph 33.

34. Williams denies the allegations in paragraph 34.

35. Williams denies the allegations in paragraph 35.

36. Williams denies the allegations in paragraph 36.

37. Williams denies the allegations in paragraph 37.

38. Williams denies the allegations in paragraph 38.

39. Williams denies the allegations in paragraph 39.

40. Williams denies the allegations in paragraph 40.

41. Williams lacks sufficient information to admit or deny the allegations in paragraph 41.

42. Williams lacks sufficient information to admit or deny the allegations in paragraph 42 concerning the findings after Boone County's investigation. He denies any allegation or inference that plaintiff's allegations were credible. He admits to receiving a communication from a Boone County commissioner and that the content of the communication speaks for itself.

43. Williams denies the allegations in paragraph 43.

44. Williams admits plaintiff was on the compensation committee but denies any allegation or inference that her status on the committee was effected by her sexual harassment complaint.

45. Williams denies the allegations in paragraph 45.

46. Williams admits that his email communication to the vendor in question speaks for itself but denies any allegation or inference that the communication was sent to cause professional embarrassment or humiliation to plaintiff or was directed specifically to her.

47. Williams lacks sufficient knowledge to admit or deny the allegations in paragraph 47.

48. Williams admits being aware that a meeting was scheduled but denies being invited or attending.

49. Williams lacks sufficient knowledge to admit or deny the allegations in paragraph 49.

50. Williams lacks sufficient knowledge to admit or deny the allegations in paragraph 50.

51. The allegations in paragraph 51 are directed at a defendant other than Williams and therefore require no answer from him. To the extent that an answer is required, he denies the allegations.

52. Williams denies the allegations in paragraph 52.

53. Williams denies the allegations in paragraph 53.

54. The allegations in paragraph 54 are directed at a defendant other than Williams and therefore require no answer from him. To the extent that an answer is required, he denies the allegations.

55. Williams admits that the email communication he received speaks for itself but denies any remaining allegations and inferences in paragraph 55.

56. Williams denies the allegations in paragraph 56.

57. Williams denies the allegations in paragraph 57.

58. Williams denies the allegations in paragraph 58.

59. Williams denies the allegations in paragraph 59.

60. Williams lacks sufficient information to admit or deny allegations concerning communications of council members other than himself. He denies the allegation or inference that he questioned plaintiff's integrity to department heads or elected officials.

61. Williams lacks sufficient information to admit or deny allegations concerning communications in which he did not participate. He denies any allegation or inference that he excluded plaintiff from communications in which she would have otherwise been included.

62. Williams lacks sufficient information to admit or deny allegations concerning directives others may have issued but denies any allegation or inference that he told plaintiff not to present items to the council or that plaintiff has been prevented from doing so.

63. Williams denies the allegations in paragraph 63.

64. Williams denies the allegations in paragraph 64.

65. Williams denies any allegation or inference that he caused plaintiff's complaint to be discussed at a public meeting or reported in the newspaper.

66. Williams admits that as an insured on the county's liability policy, his defense is provided by the county's insurer but denies any remaining allegations and inferences in paragraph 66.

67. Williams lacks sufficient information to admit or deny the allegations in paragraph 67 but denies any allegation or inference that he caused plaintiff's symptoms or condition.

68. Williams lacks sufficient information to admit or deny the allegations in paragraph 68 but denies any allegation or inference that he caused plaintiff's symptoms or condition.

69. Williams admits the allegations in paragraph 69 but denies liability to plaintiff on any theory whatsoever.

70. Williams admits attending the council meeting on September 13, 2022 and that any recording of the regular meeting or a budget meeting speak for themselves but denies all remaining allegations and inference in paragraph 70.

71. Williams lacks sufficient information to admit or deny the allegations in paragraph 71 concerning plaintiff's pregnancy but denies any allegation or inference that he caused plaintiff to miscarry.

72. Williams lacks sufficient information to admit or deny the allegations in paragraph 72 concerning the October 11, 2022 council meeting as he did not attend that meeting but admits that the minutes and any recording of that meeting speak for themselves.

73. Williams lacks sufficient information to admit or deny the allegations in paragraph 73 concerning the October 11, 2022 council meeting as he did not attend that meeting but admits that the minutes and any recording of that meeting speak for themselves.

74. Williams lacks sufficient information to admit or deny the allegations in paragraph 74 concerning the October 11, 2022 council meeting as he did not attend that meeting but admits that the minutes and any recording of that meeting speak for themselves.

75. Williams lacks sufficient information to admit or deny the allegations in paragraph 75 concerning the October 11, 2022 council meeting as he did not attend that meeting but admits that the minutes and any recording of that meeting speak for themselves.

IV.  **LEGAL ALLEGATIONS**

**Count I: Sexual Harassment (against Boone County)**

76. Williams adopts and realleges his answers to paragraphs 1 through 75 as his answer to this paragraph 76 as if fully set forth herein.

77-83. The allegations in paragraphs 77 through 73 are directed at a defendant other than Williams and therefore require no answer from him.  To the extent that an answer is required, he denies the allegations directed at him.

WHEREFORE, defendant, Aaron Williams, denies the plaintiff is entitled to any relief whatsoever as against him.

**Count II: Retaliation (against Boone County)**

84. Williams adopts and realleges his answers to paragraphs 1 through 83 as his answer to paragraph 84 as if fully set forth herein.

85-91. The allegations in paragraphs 85 through 91 are directed at a defendant other than Williams and therefore require no answer from him.  To the extent that an answer is required, he admits becoming aware of plaintiff's complaint but denies any remaining allegations and inferences directed at him.

WHEREFORE, defendant, Aaron Williams, denies the plaintiff is entitled to any relief whatsoever as against him.

**Count III: Intentional Infliction of Emotional Distress (against Williams)**

92. Williams adopts and realleges his answers to paragraphs 1 through 91 as his answer to this paragraph 92, count III, as if fully set forth herein.

93. Williams denies the allegations in paragraph 84.

94. Williams denies the allegations in paragraph 85.

95. Williams denies the allegations in paragraph 86.

96. Williams denies the allegations in paragraph 87.

WHEREFORE, defendant, Aaron Williams, denies the plaintiff is entitled to any relief whatsoever as against him.

**RELIEF REQUESTED**

Williams denies that plaintiff is entitled to compensatory or other damages, pre or post judgment interest, attorney fees and costs, or any relief whatsoever as against him.

**General Denial**

Any allegations, whether of fact or law, in the complaint not specifically admitted or denied herein are hereby denied. Williams reserves the right to amend his answer as justice may require.

WHEREFORE, the defendant Aaron Williams, denies plaintiff is entitled to any relief whatsoever as against him.

**AFFIRMATIVE DEFENSES**

Defendant Aaron Williams, for his affirmative defenses to the complaint, states as follows:

1. To the extent the Title VII claims are directed at Williams, he cannot be liable because he is not plaintiff's employer. 42 U.S.C. § 2000e(b).

2. To the extent the Title VII claims are directed at Williams, plaintiff's claims are barred due to failure to exhaust administrative remedies.

3. The tort claim is barred against Williams individually because at all times, he was within the scope of his employment or office as a council member. Ind. Code § 34-13-3-5.

4. The tort claim is barred by plaintiff's failure to fulfill the notice requirements of the Indiana Tort Claims Act, Ind. Code §§ 34-13-3-8, 10 and 12.

5. The tort claim is barred by any and all applicable immunities contained within the Indiana Tort Claims Act, Ind. Code § 34-13-3-3.

6. The intentional infliction of emotional distress claim is barred because the conduct alleged is not sufficiently "outrageous" to state a claim and by a lack of intent to inflict emotional distress.

7. Any negligence claim is barred by contributory negligence and assumption of risk.

8. Plaintiff has failed to mitigate her damages.

9. Williams reserves the right to raise additional affirmative defenses as warranted by investigation and discovery.

WHEREFORE, the defendant, Aaron Williams, prays for judgment in his favor, costs and all other proper relief.

Respectfully submitted,

STEPHENSON MOROW & SEMLER,

*s/ Rosemary L. Borek*
Rosemary L. Borek, Attorney No. 20036-41
Attorney for defendant,
Aaron Williams

**AMENDED COUNTERCLAIM**

Defendant/Counterclaimant, Aaron Williams, by counsel, DELK McNALLY, LLP, for his Counterclaim against Counterclaim-Defendant, Megan Smith, alleges and states as follow:

**Introduction**

1. Plaintiff, Aaron Williams, currently serves on the Boone County Council and represents the 4th district. In April, 2021, Williams ran for election to the Boone County Council and ran on the principles of integrity, accountability, transparency and courage. Williams is the first African American to be elected to any Boone County governmental position and the first African American to serve on the Boone County Council.

2. Since being elected to the County Council, Williams has served the citizens of Boone County in the exact manner in which he promised—upholding Williams' core values and ensuring that government worked for the people of Boone County. Williams is fiscally conservative and fully examines each request made by the Boone County Commissioners for the expenditure of taxpayers' money with due regard and consideration.

3. Despite Williams' promise to the voters of Boone County to conduct county government in an open, honest and sensible manner, the Boone County Commissioners, however, apparently do not appreciate Williams' dedication to the citizens of Boone County and have engaged in a deliberate and unlawful scheme to destroy Williams' political, professional and personal career all because Williams is not a "yes man" for the Commissioners and does not follow the political demands of the Commissioners by rubber-stamping projects the Commissioners want approved.

4. Specifically, Boone County Commissioner, Tom Santelli, conspiring with others, including Counterclaim-Defendant, Megan Smith, have concocted a false and defamatory set of

lies designed to harm Williams' career by accusing Williams of having sexually harassed Boone County Human Resources Director, Megan Smith.

5. In addition, County Commissioner Santelli has also made several false and defamatory statements to multiple elected officials within Boone County stating that Williams is a "serial sexual abuser/harasser," that Williams has been "accused of sexual harassment on multiple occasions by others" and that Williams is being "criminally investigated by the FBI and will be brought up on criminal charges."

6. The false and slanderous statements were made by Santelli to the prosecutor of Boone County, as well as members of the Boone County Council. These statements were made right around the time in which Counterclaim-Defendant Smith and Santelli concocted the false story surrounding Williams' alleged sexual harassment of Smith.

7. Smith and Santelli conspired together to spread lies about Williams and Williams' alleged sexual harassment of Smith. Smith also conspired together with Santelli in spreading the falsities of the sexual harassment to members of the media and other elected officials, including the prosecutor and Boone County Council persons—which statements were not made as part of any official duty to report, but rather were made with intent to harm Williams.

8. In addition, Smith made the false and slanderous statements about Williams in that he sexually harassed Smith to Smith's co-worker (in addition to others), Kaylee Jessie. These false statements were made by Smith to Kaylee Jessie in an effort to harm Williams and Williams' reputation and were made during the summer months of 2021. Smith's false and slanderous statements to Kaylee Jessie were not a part of Smith's legal claim or any other duty to report, but rather were made by Smith with intent to harm Williams and further spread falsities regarding Williams.

9. Such false and slanderous statements are unequivocally and undoubtedly **<u>100% false</u>**. Commissioner Santelli and Counterclaim-Defendant Smith made the false and defamatory statements to further Smith and the Commissioners' unlawful scheme and agenda in trying to destroy Williams' reputation. Such political attacks and tactics have become far too common in today's political arena and must stop. And, those responsible for these improper and unlawful political games must be held accountable for their illegal actions in seeking to harm a person's reputation simply because of disagreements over government and/or politics.

10. Counterclaimant, Boone County Councilman Aaron Williams, brings this action in order to hold those accountable for their illegal conduct and obtain retribution for the harm Counterclaim-Defendant Smith and the Boone County Commissioners have caused Councilman Williams, Boone County government and the citizens of Boone County.

## **Factual Background**

11. Plaintiff, Boone County Councilman Aaron Williams, serves on the Boone County Council and represents the 4th District.

12. Councilman Williams was elected to the Boone County Council in April 2021 and was the first African-American elected to serve the citizens of Boone County on the County Council.

13. When running for County Council, Williams ran on the core principles of integrity, accountability, transparency and courage.

14. After being duly elected to the Boone County Council, Williams' impact and approach to local government was felt immediately. Williams brought several new ideas to Boone County local government and asked several questions of the Boone County Commissioners

regarding various projects and spending the Commissioners were trying to push through the Boone County Council.

16. For example, in the spring/summer of 2021, one of the major projects the Boone County Commissioners sought to push through the County Council was the development and construction of a new Boone County Justice Center that would cost the Boone County taxpayers approximately $60 Million Dollars. Further, in order to assist funding the Jail Project, the Commissioners also sought to have the County Council pass an additional tax on the Boone County taxpayers in order to fund bonds to pay for the capital and operational costs for the Jail Project.

16. Upon being presented with such a large expenditure and additional tax, Councilman Williams raised several questions regarding the need for the Jail Project and opposed the Commissioners' request for the passage of a new tax, as well as the Jail Project as a whole.

17. Later, Councilman Williams recommended that the County Council form the Boone County Justice Commission in order to investigate the true need for a new $60 Million Dollar Jail Project and the imposition of a new tax on Boone County taxpayers to fund the jail.

18. After the formation of the Justice Center Commission by Councilman Williams and the Boone County Council, Commissioner Santelli, and the rest of the Commissioners, were furious that Williams interfered with the Commissioners' Jail Project and were upset that Councilman Williams questioned the Commissioners' prior expenditure of more than $7,000,000.00 on the Jail Project, despite the County Council never approving the Jail Project or agreeing to fund the Jail Project.

19. In addition to Councilman Williams' objection to the Jail Project, Councilman Williams also questioned other Commissioner related projects and/or expenditures, which further frustrated and infuriated Commissioner Santelli and the Boone County Commissioners.

20.     After Councilman Williams objected to the Jail Project and/or questioned other Commissioner related projects, Smith would routinely state to Williams: "you just need to get in line and do what the Commissioners want."

21.     After Councilman Williams refused to pass the Commissioner's Jail Project, refused to pass a new tax to fund the Jail Project and thereafter announced the formation of a commission to investigate the need for the Jail Project, Commissioner Santelli conspired with others, including Counterclaim-Defendant, Megan Smith, to create a story of lies designed to defame and harm Councilman William's reputation.

22.     Specifically, Human Resources Director, Megan Smith, and Commissioner Santelli, among others, concocted a false and defamatory set of lies designed to harm Williams' career by accusing Williams of having sexually harassed Boone County Human Resources Director, Megan Smith.  Smith told others during the spring/summer months of 2021 that Williams was sexually harassing her (Smith).  These statements were made to Smith's co-workers, including but not limited to Kaylee Jessie.

23.     In addition, County Commissioner Santelli has also made several false and defamatory statements to multiple elected officials within Boone County stating that Williams is a "serial sexual abuser/harasser," that Williams has been "accused of sexual harassment on multiple occasions by others" and that Williams is being "criminally investigated by the FBI and will be brought up on criminal charges."[1]

---

[1] Commissioner Santelli's actions, as described above, were committed outside the course and scope of his official capacity as a Boone County Commissioner.  As such, Defendant Santelli has been sued in his individual capacity in the Boone County Superior Court as Commissioner Santelli's wrongful, false and defamatory statements were made in bad faith, with malice and with a specific intent to cause direct harm to Councilman Williams.  After the expiration of the Indiana Tort Claims Act's 6-month waiting period, Councilman Williams reserves the right to amend his Complaint to assert a Crossclaim against the Boone County Commissioners as Commissioner Santelli's unlawful actions were also committed within the course and scope of Santelli's capacity as a Boone County Commissioner. Defendant Santelli unlawfully slandered Councilman Williams in furtherance and pursuit of Defendant Santelli's

24. Such false and slanderous statements are unequivocally and undoubtedly **100% false**, but were made by Commissioner Santelli to further Santelli's unlawful scheme and agenda in trying to destroy Williams' reputation.

25. In addition, Counterclaim-Defendant Smith's claims of sexual-harassment are also **100% false** and were made by Counterclaim-Defendant Smith in an effort to harm Councilman William's career and reputation.

26. Counterclaim Defendant Smith also made the false and slanderous claims of sexual harassment against Councilman Williams because Smith's feelings were hurt because Councilman Williams inadvertently failed to mention Smith's name in a public council meeting as being part of a certain committee. As a result of this failure, Smith made the false and meritless claims of sexual harassment against Councilman Williams to harm William's career and reputation.

27. Counterclaim-Defendant Smith has a history of concocting false and meritless claims against individuals who disagree with Smith or when Smith does not get her way. For example, during the period of time when Councilman Williams was allegedly sexually harassing Counterclaim-Defendant Smith, Smith bragged on multiple occasions to Councilman Williams that she (Smith) knew how to "create problems for people" by making allegations of employment related misconduct, such as sexual harassment claims and other hostile work environment related claims.

28. Specifically, during the time period in which Councilman Williams was allegedly sexually harassing Counterclaim-Defendant Smith, Smith approached Williams and told Williams that if he (Williams) and the rest of the County Council did not vote to approve a certain agenda item Smith and the Commissioners wanted approved, Smith would file a hostile work environment

---

official business as a County Commissioner in that Commissioner Santelli spread falsities about Williams because Councilman Williams did not rubber stamp Santelli's political agenda.

claim against the County (knowing there is no merit to the claim) in order for Smith (and the Commissioners) to get their way and have their political agenda approved.

29. Smith's threatened hostile work environment claim discussed in the paragraph above did not involve claims against Councilman Williams, but rather Smith made these comments to Williams in an effort to impress Williams and let Williams know that Smith knew how to "work the system" and file claims against people to harm them in order to get what she and the Commissioners wanted approved.

30. Unfortunately, Councilman Williams is now the target of Smith and the Commissioner's political games and Smith has improperly and unlawfully used the justice system for an improper purpose in order to harm Councilman Williams.

31. Counterclaim-Defendant Smith's improper and illegal actions, as described above and below, were committed outside the course and scope of her official capacity as the Human Resources Director for Boone County. As such, Counterclaim Defendant Smith is being sued in her individual capacity as Defendant Smith's wrongful, false and defamatory statements were made in bad faith, with malice and with a specific intent to cause direct harm to Councilman Williams.[2]

### Count I—Defamation *Per Se*

32. Councilman Williams repeats and incorporates the allegations set forth in paragraphs 1 through 32 of the Counterclaim as if fully stated herein.

---

[2] After the expiration of the Indiana Tort Claims Act 6-month waiting period, Councilman Williams intends to amend this Counterclaim to assert additional claims against Boone County Commissioners as Defendant Smith's unlawful actions were also committed within the course and scope of Smith's capacity as the Human Resources Director. Defendant Smith unlawfully slandered Councilman Williams in furtherance and pursuit of Defendant's official business as the Human Resources Director and conspired with Commissioner Santelli, and others, to spread falsities about Williams in order to further their political agenda and intentionally harm Councilman Williams.

33. Counterclaim Defendant Smith's false, defamatory statements and illegal conduct, as described above in paragraphs 4-8 and 22-25, were made with the intent to harm Councilman Williams and Councilman Williams' reputation and standing within the community.

34. Counterclaim Defendant Smith's false and defamatory statements were made with malice and stated to several individuals and officials within Boone County. When Defendant Smith made the false statements, Smith knew the statements of alleged sexual harassment (as described above) were false. Defendant Smith made the false and defamatory statements with intent to cause great harm to Councilman Williams.

35. Counterclaim Defendant Smith's false and defamatory statements were published to the Smith's co-workers, the public as a whole and were published beyond the statements made in Smith's EEOC charge and subsequent lawsuit.

36. Defendant Smith, acting in concert with Commissioner Santelli, contacted others within Boone County and further contacted the media to spread the falsities and lies about the false sexual harassment claim, as well as the other false statements made by Commissioner Santelli.

37. Counterclaim Defendant Smith's false and slanderous statements are defamatory *per se* in that the statements impute: (a) misconduct in Williams' profession/office and (b) sexual misconduct.

38. Santelli and Counterclaim Defendant Smith conspired together to harm Williams and Williams' reputation by making false statements about Williams and Williams' alleged sexual misconduct and sexual harassment of Smith.

39. As a result of Counterclaim Defendant Smith's false and defamatory statements, Councilman Williams has suffered significant damages including serious harm to Williams' personal, political and professional reputation in the community in all aspects of Williams' life.

WHEREFORE, Plaintiff, Aaron Williams, respectfully requests judgment in his favor and against Counterclaim Defendant Smith, an award of compensatory damages, punitive damages, attorney's fees and costs, and all other just and proper relief.

## JURY DEMAND

Defendant/Counterclaimant, Aaron Williams, hereby demands a trial by jury for all issues and claims asserted in his Counterclaim.

Respectfully submitted,

DELK McNALLY, LLP

*/s/ Jason R. Delk*
Jason R. Delk, Attorney No. 24853-18
DELK McNALLY, LLP
211 S. Walnut Street
Muncie, IN 47305
765-894-9495
delk@delkmcnally.com
*Attorneys for Defendant/Counterclaimant,*
*Aaron Williams*

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 30, 2023, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's CM/ECF system.

Kathleen A. DeLaney
Annavieve C. Conklin
Christopher S. Stake
DELANEY & DELANEY LLC
3646 Washington Blvd.
Indianapolis, IN  46205
kathleen@delaneylaw.net
aconklin@delaneylaw.net
cstake@delaneylaw.net

Matthew L. Hinkle
Alex Emerson
COOTS HENKE & WHEELER, P.C.
255 E. Carmel Drive
Carmel, IN  46032
mhinkle@chwlaw.com
aemerson@chwlaw.com

Jason R. Delk
DELK MCNALLY LLP
211 S. Walnut Street
Muncie, IN 47305
delk@delkmcnally.com

                                            */s/ Rosemary L. Borek*
                                            Rosemary L. Borek

STEPHENSON MOROW & SEMLER
3077 East 98th Street, Suite 240
Indianapolis, IN 46280
Phone: (317) 844-3830
Fax: (317) 573-4194
Email: rborek@stephlaw.com

22-7340